UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LONNIE BLACK,                  Case No. 1:12-cv-821
    Petitioner,

                                                                    Black, J.
vs                                                            Bowman, M.J.

WARDEN, LEBANON               **REPORT AND**
CORRECTIONAL INSTITUTION,      **RECOMMENDATION**
    Respondent.

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). This matter is before the Court on respondent's motion to dismiss on the ground that the petition is time-barred under 28 U.S.C. § 2244(d). (Doc. 6). Petitioner's counsel has filed a brief on petitioner's behalf opposing respondent's motion, and respondent has filed a brief in reply to petitioner's opposition memorandum. (Docs. 11, 12).

**I. PROCEDURAL HISTORY**

**State Trial Proceedings**

On May 27, 2009, the Hamilton County, Ohio, grand jury returned a nine-count indictment in Case No. B-0903419 charging petitioner with two counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2) (Counts 1 and 3); two counts of possession of

---

[1] Although petitioner was proceeding *pro se* when he prepared and filed his petition with the Court, he is now represented by counsel, who entered an appearance in the case on January 16, 2013. (*See* Docs. 1, 7).

cocaine in violation of Ohio Rev. Code § 2925.11(A) (Counts 2 and 4); one count of trafficking in heroin in violation of Ohio Rev. Code § 2925.03(A)(2) (Count 5); one count of possession of heroin in violation of Ohio Rev. Code § 2925.11(A) (Count 6); one count of trafficking in marijuana in violation of Ohio Rev. Code § 2925.03(A)(2) (Count 7); one count of aggravated possession of drugs in violation of Ohio Rev. Code § 2925.11(A) (Count 8); and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3) (Count 9). (Doc. 6, Ex. 1). A firearm specification was attached to the drug trafficking and possession charges set forth in Counts 1 through 7, and a "Major Drug Offender" specification was attached to the cocaine trafficking and possession charges set forth in Counts 1 and 2. (*Id.*). As alleged in the indictment, the charges stemmed from an incident that occurred "on or about" May 5, 2009. (*See id.*).

Soon thereafter, on June 5, 2009, the Hamilton County grand jury returned another indictment in Case No. B-0903822 charging petitioner with one count of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2) and one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), with a "Major Drug Offender" specification attached to both counts. (*See id.*, Ex. 3). The separate incident forming the basis for the additional charges occurred "on or about" May 13, 2009. (*See id.*).

The two cases were joined for trial purposes. The matter proceeded to trial before a jury, which found petitioner guilty as charged for all the underlying criminal offenses. (*Id.*, Ex. 14). The jury acquitted petitioner on the firearm specification attached to Counts 1 and 2 of the indictment in Case No. B-0903419, but found him guilty of the remaining firearm specifications. (*See id.*). The trial court also found petitioner guilty of the "Major Drug Offender" specifications

2

charged in the two cases. (*Id.*, Ex. 15). On May 20, 2010, the trial court issued final judgment entries sentencing petitioner to an aggregate prison term of twenty-one (21) years in Case No. B-0903419 and an aggregate prison term of twenty (20) years in Case No. B-0903822. (*Id.*, Ex. 16). The sentences imposed in the two cases were to be served consecutively for a combined sentence of forty-one (41) years. (*See id.*).

## State Appeal Proceedings

With the assistance of new counsel for appeal purposes, petitioner filed timely notices of appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 6, Exs. 17-18). The appeals were consolidated and placed on the court's accelerated calendar. (*See id.,* Ex. 19). In his appellate brief, petitioner presented seven assignments of error:

1. The court abused its discretion in allowing unfairly prejudicial evidence of prior convictions.

2. The trial court erred to the prejudice of the Defendant-Appellant as there was insufficient evidence to convict.

3. The trial court erred to the prejudice of the Defendant-Appellant because the verdict was against the manifest weight of the evidence.

4. The Defendant received ineffective assistance of trial counsel.

5. The Defendant-Appellant was denied due process of law and subject to cruel and unusual punishment when the court sentenced him to a 41 year sentence.

6. The trial court erred when it failed to merge the Major Drug Offender specifications.

7. The Defendant-Appellant[']s right to a fair trial was compromised by cumulative error.

(*Id.*, Ex. 20).

On March 23, 2011, the Ohio Court of Appeals overruled the assignments of error and

3

affirmed the trial court's judgment. (*Id.*, Ex. 22).

Thereafter, petitioner apparently contacted the Ohio Public Defender's Office requesting the assistance of counsel in the preparation and filing of an appeal to the Ohio Supreme Court. In a letter dated April 14, 2011 from the Ohio Public Defender's Chief Appellate Counsel, petitioner was informed that the Ohio Public Defender's Office would not assist him in any appeal to the Ohio Supreme Court. (*See* Doc. 11, Ex. A). The letter further provided in pertinent part:

> If you wish to take your case to the Ohio Supreme Court, you will have to represent yourself, or obtain other counsel. If you are going to represent yourself, you will be responsible for complying with the court's rules of practice. A copy of the relevant portions of those rules is enclosed. Also enclosed is a copy of a *pro se* packet that should be helpful to you in preparing the necessary documents for a timely appeal. According to the supreme court's rules, you need to file a notice of appeal, a memorandum in support of jurisdiction, an affidavit of indigency, and the appropriate number of copies in the Ohio Supreme Court on or before **May 9, 2011**. If you cannot meet that deadline, you must file a motion for delayed appeal. See Rule 2.2(A)(4)(a). Enclosed is a copy of a *pro se* packet that should be helpful to you in preparing the necessary documents for a delayed appeal.

(*Id.*).

Petitioner apparently attempted to file a timely *pro se* appeal to the Ohio Supreme Court. However, petitioner's "notice of appeal and memorandum in support were not filed" and returned to him by letter dated May 9, 2011 from the Office of the Clerk of the Ohio Supreme Court. (*See id.*, Ex. B). In the letter, petitioner was informed that he had failed to "meet the requirements of the Rules of Practice of the Supreme Court of Ohio" because he "did not tender the $100.00 filing fee required by Rule 15.1 to be paid before a case is filed, or an affidavit of indigency in lieu of the fee in accordance with Rule 15.3(A)." (*Id.*). The letter also provided:

> To timely appeal a March 23, 2011 court of appeals decision, your notice of appeal, memorandum in support of jurisdiction, and $100.00 filing fee or affidavit of indigency were all due in the Clerk's Office no later than May 9, 2011. If your

4

> case involves a felony, please see the provision for delayed appeal under Rule 2.2(A)(4) of the enclosed copy of the Rules of Practice.
>
> For additional guidance, please find enclosed a blank affidavit of indigency that will meet the filing requirements if you state the reasons you are unable to pay the filing fee and have the document notarized, and our Pro Se Guide to Filing an Appeal in the Supreme Court.

(*Id.*).

Approximately three months later, in August 2011, petitioner apparently unsuccessfully attempted to file a delayed appeal with the Ohio Supreme Court on two occasions. In a letter dated August 9, 2011 from the Office of the Clerk of the Ohio Supreme Court, petitioner was notified that his documents were not filed and were being returned for failure to comply with the Ohio Supreme Court's Rules of Practice because (1) petitioner's affidavit in support of his motion for delayed appeal was not notarized, and (2) petitioner had not attached a "copy of the court of appeals judgment entry and opinion as required by Rule 2.2(A)(4)(a)." (*Id.*, Ex. C). Petitioner was advised that he could resubmit his documents "once they have been corrected" and to refer to "the provisions for filing a delayed appeal under Rule 2.2(A)(4) of the Rules of Practice and page 19 of the Pro Se Guide" that had previously been mailed to him on May 9, 2011. (*Id.*). In a second letter dated August 11, 2011 from the clerk's office, petitioner was again notified that his "enclosed documents were not filed because they do not comply with the Rules of Practice of the Supreme Court of Ohio." (*Id.*, Ex. D). Petitioner was advised to refer to the letters sent to him on May 9 and August 9, 2011, as well as to "the provisions for filing a delayed appeal under Rule 2.2.(A)(4) of the Rules of Practice and page 19 of the Pro Se Guide" that had previously been mailed to him. (*Id.*).

5

Petitioner apparently took no further action to challenge the Ohio Court of Appeals' direct appeal decision until over two months later when he finally successfully filed a motion for leave to file a delayed appeal to the Ohio Supreme Court on October 24, 2011. (*See* Doc. 6, Ex. 23; Doc. 11). On December 21, 2011, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the cause without opinion. (Doc. 6, Ex. 26).

### Federal Habeas Corpus Petition

The instant federal habeas action commenced on October 23, 2012. (*See* Doc. 1). However, for statute of limitations purposes, it is presumed that petitioner's habeas petition was filed on October 5, 2012, the date that petitioner claims he placed the pleading in the prison mailing system for submission to this Court. (*See* Doc. 1, p. 18).[2] In the petition, petitioner alleges as grounds for relief the same seven claims that he asserted as assignments of error on direct appeal to the Ohio Court of Appeals. (*Id.*, pp. 9, 10, 12, 13, 14; *see also* Doc. 6, Ex. 20).

In the motion to dismiss filed in response to the petition, respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 6, Brief, pp. 9-14). Petitioner has filed a brief in opposition to respondent's motion, in which he essentially contends that the petition was timely filed within the applicable one-year limitations period and that, in any event, he is entitled to equitable tolling of the

---

[2] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). The rule applies in this case because petitioner was proceeding *pro se* when he commenced this action.

6

limitations period. (Doc. 11). Respondent has filed a brief responding to specific arguments made by petitioner in his opposition memorandum. (Doc. 12).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 6) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The provision contained in 28 U.S.C. § 2244(d)(1)(A) applies to the seven claims that are asserted as grounds for relief in the instant action. The alleged errors occurred during the trial proceedings and were raised as assignments of error on direct appeal to the Ohio Court of Appeals before petitioner's conviction became final within the meaning of that provision. Therefore, as respondent has argued in the motion to dismiss, the limitations period began to run

7

under § 2244(d)(1)(A) when the challenged judgment of conviction and sentence was rendered "final" by the conclusion of direct review or the expiration of time for seeking such review.

Here, as both the Ohio Public Defender's Office and the Ohio Supreme Court clerk's office indicated in letters to petitioner (*see* Doc. 11, Exs. A, B), petitioner's conviction and sentence became final on May 9, 2011, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' March 23, 2011 decision affirming the trial court's final judgment entries of conviction and sentence.³ *See* Ohio S.Ct.Prac.R. 6.01(A)(1).

Petitioner has contended in his memorandum in opposition to the motion to dismiss that his "conviction did not become final until the conclusion of his Motion for Delayed Appeal before the Ohio Supreme Court." (Doc. 11, p. 3). However, contrary to petitioner's contention, it is well-settled that unsuccessful motions for leave to file a delayed appeal, such as the one filed by petitioner in this case, do not restart the running of the statute under § 2244(d)(1)(A), but rather only can serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Taher v. Warden, Warren Corr. Inst.,* No. 1:12cv400, 2013 WL 485789, at *6 (S.D. Ohio Feb. 6, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811867 (S.D. Ohio Mar. 5, 2013) (Bertelsman, J.) (and numerous cases cited therein); *Sayles v. Warden, London Corr. Inst.,* No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 3527140 (S.D. Ohio

---

³ It is noted that the 45-day period actually expired on May 7, 2007, which fell on a Saturday. Under Ohio S.Ct.Prac.R. 3.03(A)(1), "[i]f the last day of the period is a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, the 45-day appeal period extended in this case through the next business day, which fell on Monday May 9, 2011.

Aug. 15, 2012) (Dlott, J.); *see also Applegarth v. Warden, North Cent. Corr. Inst.*, 377 F. App'x 448, 449-50 (6th Cir. 2010) (and Sixth Circuit cases cited therein). *Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court had adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). Therefore, the statute commenced running on May 10, 2011, one day after petitioner's conviction became final within the meaning of § 2244(d)(1)(A), and expired one year later absent application of statutory or equitable tolling principles.

     During the one-year limitations period commencing on May 10, 2011, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting

*Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, petitioner suggests in his memorandum in opposition to the motion to dismiss that the limitations period was tolled while he unsuccessfully attempted to file a timely appeal with the Ohio Supreme Court by May 9, 2011 and while he unsuccessfully attempted to commence delayed appeal proceedings with the court in August 2011. (*See* Doc. 11). However, because petitioner was unable to perfect a timely appeal to the Ohio Supreme Court and his initial attempts to file a delayed appeal were rejected as a result of his failure to comply with the Ohio Supreme Court's Rules of Practice, no motion was actually filed and pending before the state court to toll the limitations period under § 2244(d)(2) until petitioner finally succeeded in filing a motion for delayed appeal on October 24, 2011. Therefore, the statute of limitations, which commenced running on May 10, 2011, was not tolled and ran for 167 days before petitioner filed his unsuccessful delayed appeal motion.

An argument can be made that petitioner's delayed appeal motion also was not "properly filed" within the meaning of § 2244(d)(2) because the Ohio Supreme Court's unexplained entry denying petitioner leave to file a delayed appeal was presumably based on petitioner's failure "to demonstrate adequate reasons for his failure to file a timely notice of appeal." *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam). The Sixth Circuit has indicated that such a ruling is a "procedural decision" by the state supreme court, which "would preclude tolling." *See Hall v. Warden, Lebanon Corr. Inst.,* No. 1:08cv75, 2009 WL 857979, at *3, *8 (S.D. Ohio Mar. 25, 2009) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (quoting *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), which in turn cited *Bonilla,* 370 F.3d at 497, as "distinguishing between the denial of a motion to file a delayed appeal in the Ohio Supreme Court, a state procedural decision that would preclude tolling, and the granting of the motion to file the appeal but subsequent dismissal on the jurisdictional merits of the case, a decision on the merits that would not preclude tolling"), *aff'd on other grounds*, 662 F.3d 745 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 187 (2012); *see also Brown v. Ohio,* No. 5:11cv162, 2011 WL 6012428, at *3 n.5 (N.D. Ohio Nov. 8, 2011) (noting that under *DiCenzi* and *Bonilla*, the "statute of limitations is not tolled by a motion for delayed appeal in the Ohio Supreme Court unless that court grants the motion"), *adopted*, 2011 WL 6019181 (N.D. Ohio Dec. 1, 2011). *Cf. Taher, supra*, 2013 WL 485789, at *7 (involving denial of motion for delayed appeal to Ohio Supreme Court); *Howard v. Warden, Lebanon Corr. Inst.*, No. 1:11cv4, 2011 WL 2940389, at *4 (S.D. Ohio June 27, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 2848211 (S.D. Ohio July 19, 2011) (Beckwith, J.) (involving denial of delayed reopening application).

Nevertheless, in light of Sixth Circuit precedents, which have not been overruled and which hold that delayed appeal motions serve to toll unexpired limitations periods, *see, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011) (per curiam), the undersigned will assume in petitioner's favor that the one-year statute of limitations was tolled during the pendency of the delayed appeal motion before the Ohio Supreme Court. The limitations period was tolled from October 24, 2011 through December 21, 2011, when the Ohio Supreme Court issued its final ruling denying petitioner leave to file a delayed appeal. (*See* Doc. 6, Exs. 23, 26). Under 28 U.S.C. § 2244(d)(2), the tolling period does not include the ninety days in which a petitioner could have sought certiorari review in the United States Supreme Court. *See Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007). Therefore, the statute commenced running again on December 22, 2011, one day after the Ohio Supreme Court issued its decision, and expired 198 days later on or about July 9, 2012,[4] absent any further tolling of the limitations period.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied,* 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in

---

[4] The 198-day expiration date actually fell on July 7, 2012, which was a Saturday. Therefore, the undersigned assumes in petitioner's favor that he had until Monday, July 9, 2012 in which to file a timely habeas petition.

12

his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

  Petitioner contends in his brief in opposition to the motion to dismiss that he is entitled to equitable tolling of the limitations period because (1) he was reasonably diligent, albeit initially unsuccessful, in his attempts to file an appeal with the Ohio Supreme Court after the Ohio Court of Appeals issued its direct appeal decision in March 2011; and (2) "extraordinary circumstances stood in the way of his timely filing." (*See* Doc. 11, pp. 6-7). However, as respondent has persuasively argued in reply to petitioner's opposition memorandum (*see* Doc. 12, pp. 3-4), petitioner was not reasonably diligent in pursuing an appeal to the state's highest court to the extent that although he was provided the requisite instructions for both perfecting a timely appeal and filing a motion for delayed appeal with the Ohio Supreme Court, first by the Ohio Public Defender's Office prior to the expiration of the 45-day appeal period and, thereafter, by the Ohio Supreme Court clerk's office, he failed to comply with those instructions. (*See* Doc. 11, Exs. A-D). In addition, petitioner waited three months after his initial attempt to perfect a timely appeal failed before submitting delayed appeal documents to the Ohio Supreme Court, and after those

13

attempts also failed, he took no further action to challenge the Ohio Court of Appeals' direct appeal decision until over two months later when he finally succeeded in filing a motion for delayed appeal with the state's highest court. Perhaps most damaging to petitioner's position is the fact that after the Ohio Supreme Court denied petitioner's delayed appeal motion in December 2011, petitioner waited again for over nine months before filing his petition for federal habeas relief.

Finally, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief in a timelier manner. In his memorandum in opposition to respondent's motion to dismiss, petitioner has only asserted that as an inmate in an "overpopulated" prison system with "insufficient resources to meet the legal needs of all the individuals house[d] therein," he "had inadequate access to legal materials, the law library and counsel to access the information necessary to properly perfect his appeal" to the Ohio Supreme Court. (*See* Doc. 11, p. 7). As an initial matter, and as discussed above, petitioner's argument that he lacked adequate access to the necessary resources and legal materials to properly perfect an appeal is belied by the record, which shows that petitioner in fact was provided on numerous occasions with the information he needed to both perfect a timely appeal and to file a motion for delayed appeal with the Ohio Supreme Court. (*See* Doc. 11, Exs. A-D). In any event, it is well-settled that neither lack of knowledge of the law nor the inability to obtain legal assistance constitutes an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated:

"[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").  Petitioner's conclusory assertions regarding his alleged inability to perfect an appeal in the Ohio Supreme Court, or to file a timely petition with this Court after the Ohio Supreme Court denied his delayed appeal motion in December 2011, is simply insufficient to demonstrate that petitioner was prevented by an extraordinary circumstance beyond his control to file a federal habeas petition by the statute-of-limitations deadline date of July 9, 2012.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.  Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on May 10, 2011, one day after the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' March 23, 2011 direct appeal decision.  Assuming in petitioner's favor that the statute was tolled while petitioner's motion for leave to file a delayed appeal was pending before the Ohio Supreme Court from October 24, 2011 through December 21, 2011, the statute began to run again on December 22, 2011 and expired on or about July 9, 2012.  Neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute of limitations bar to review in this case.  Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED** on the ground that the instant habeas corpus petition, filed on October 5, 2012, nearly three months after the statute of limitations had run its course, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LONNIE BLACK,<br>    Petitioner, | Case No. 1:12-cv-821 |
| | Black, J. |
| vs | Bowman, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc